BROWN *v.* AMERICAN GEAR CO.

CONTRACTS — CONSTRUCTION — DIRECTED VERDICT PROPER WHERE CONTRACT IN WRITING WAS UNAMBIGUOUS.

> In an action for goods sold and delivered, where the offer made by plaintiffs in writing was in language, symbols, and figures easily understood, and defendant's acceptance in writing was in language equally simple and easily understood, the trial judge properly directed a verdict in favor of plaintiffs, as against defendant's objection that the offer made by plaintiffs was ambiguous and that defendant did not construe it as plaintiffs intended, and that, therefore, there was no meeting of minds.[1]

Error to Jackson; Williams (Benjamin), J.    Submitted October 22, 1925.    (Docket No. 80.)    Decided December 22, 1925.

---

[1]Contracts, 13 C. J. § 996.

Assumpsit by Garrett H. Brown and Henry W. Brown, copartners as The Brown Company, against the American Gear Company for goods sold and delivered. Judgment for plaintiffs on a directed verdict. Defendant brings error.     Affirmed.

*John E. Shekell,* for appellant.

*Whiting & Kleinstiver,* for appellees.

MOORE, J.     The following statement of facts is taken from the brief of the appellant:

"Plaintiff is a partnership located in Syracuse, New York.     Its business is manufacturing ground and hardened automobile parts.     Defendant is a corporation located at Jackson, engaged in manufacturing ring and pinion gears for rear axles; also in buying and selling replacement parts for automobiles, with nine stores in the United States and Canada.     In September, 1923, plaintiff had for sale a considerable quantity of replacement parts, consisting of over-runs, surplus and rejects.     Mr. Bedford, of defendant corporation, saw the parts; he requested plaintiff to send defendant a list of parts and prices.     September 13, 1923, plaintiff sent by mail Exhibit 3; October 4th defendant accepted offer by mail.     On the 10th plaintiff shipped a portion of the parts and sent invoice showing sale was so much per hundred pieces.     Defendant refused to accept the shipment.     October 12th, defendant telegraphed that it understood quotation 'to be for entire lot of each kind,' and wrote to the same effect.     After considerable correspondence, contained in the exhibits, plaintiff brought this suit.     At the conclusion of the proofs in the circuit court, each party moved for a directed verdict.     The court directed a verdict for plaintiff in a written opinion. The question involved is stated in defendant's two requests to charge.     The defendant claims the written offer of sale is ambiguous and susceptible of being given more than one meaning and that the defendant in good faith did not construe it as construed by the

plaintiff and the minds of the parties never met on the offer and acceptance and no sale was made."

The requests referred to in the brief read:

"1. You are instructed that the offer of sale made by the plaintiff in this case is ambiguous and capable of being given more than one meaning, and the defendant never having accepted the offer as interpreted by the plaintiff, the minds of the parties never met and no agreement of sale was ever made, and your verdict must be for the defendant.

"2. (If 1 is not given.)   You are instructed that the offer of sale made by the plaintiff is ambiguous and susceptible of being given more than one meaning and if the defendant in good faith reasonably construed the offer to mean differently than the plaintiff intended the offer to mean, then the minds of the parties never met in agreement and no sale was consummated and your verdict must be for the defendant."

The contract is evidenced by writings as follows:

"Exhibit 3.

American Gear Co.

| | | | |
|---|---|---|---|
| 800 | Pcs. | Franklin Spring Bolt N. S. 1920-24 @ . | $25.00 C |
| 600 | " | "        "        " O. S. 1916-19..... | 25.00 |
| 2,000 | " | "        Spring Eye Bushing (Steel).. | 10.00 |
| 1,000 | " | "        Adjusting nuts .............. | 10.00 |
| 500 | " | Gray Valve Tappet................... | 15.00 |
| 2,000 | " | "        Piston Pins ................... | 8.00 |
| 300 | " | Indiana Valve Tappet (Rutenber Motor) | 30.00 |
| 3,000 | " | Jewett Piston Pins................... | 12.00 |
| 600 | " | Mercer Spring Bolt (Short—10 per car). | 20.00 |
| 3,500 | " | Oldsmobile-Oakland-Buick King Bolts.. | 30.00 |
| 1,500 | " | "        Valve Tappet Rollers........ | 9.00 |
| 1,000 | " | Rickenbacker Spring Bolts—3½% Nickel Rr. Sp. Rr... | 30.00 |
| 1,000 | " | "        "        " assorted .... | 15.00 |
| 500 | " | "        Thrust Washers ......... | 20.00 |
| 400 | " | Wills-Sainte Claire Piston Pins........ | 14.00 |
| 500 | " | "        " Fan Bearing Spacer... | 20.00 |
| 400 | " | Any truck ⅜"x3½" Sp. Center Bolts 3½% Nkl. .. | 5.00 |
| 400 | " | "        " 5/16"x3½" "        " " .. | 5.00 |

Subject to prior sale.

"Exhibit 3.
"BROWN COMPANY
MANUFACTURERS OF AUTOMOBILE PARTS
MOTOR SPECIALTIES.
"Syracuse, N. Y., U. S. A., Sept. 13, 1923.
"AMERICAN GEAR CO.,
    "212 S. Horton St.,
    "Jackson, Mich.
"*Gentlemen:* Att. J. A. BEDFORD, Treas.
"As per request of your Mr. Bedford, when visiting our factory on the 12th inst. we beg to enclose you list of parts as mentioned to you at that time.
"The quantities given are approximated, and cannot be guaranteed.    It may be that some of the lots will run considerably less than estimated, or it might be a few over, but we have come as close as possible without taking individual counts.    Due to the question of quantity, we are naming you a net price for each particular part.    These are all below our original selling price; in fact less than our original cost of manufacture.    You will find all are standard material, for current use and not of an obsolete nature.    Our terms are 1% 10 days, 30 days net, f. o. b. cars Syracuse.
"As we are going to arrive at some conclusion promptly, will you kindly give this matter your prompt consideration, and advise us whether interested or otherwise?
"Very truly yours,
"THE BROWN CO.,
"Per H. W. BROWN."


"Jackson, Mich., October 4, 1923.
"THE BROWN COMPANY,
    "Syracuse, N. Y.
"*Gentlemen:* Again referring to your offer and quotation as contained in your letter of September 13th on the various items of spring bolts, king bolts, piston pins, etc., we have decided to take the entire lot at your figures.
(Here were directions for boxing and shipping.)
"Thanking you in advance for giving this your kind

attention and trusting this opens the way for additional business between us, we remain,

"Yours very truly,

"AMERICAN GEAR COMPANY,

"Treasurer, J. A. BEDFORD.

JAB:MS

"Kindly make shipment by freight."

It was stated by counsel in open court that there should be either a verdict of "no cause of action" or one in favor of the plaintiffs in the sum of $3,473. The trial judge in a very long opinion directed a verdict in favor of the plaintiffs.    There is no claim of fraud.    The claim of appellant is simply that the offer made by the plaintiffs is ambiguous, and that defendant did not construe it as the plaintiffs intended it to be construed, and therefore the minds of the parties never met, and there was no binding contract. The offer was in writing in language, symbols and figures that are easily understood, and the acceptance was in language equally simple and easily understood.    The trial judge was quite right in directing a verdict for the plaintiffs.

The judgment is affirmed, with costs to the appellees.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.